UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD DANIEL AREVALO-FUENTES,

                    Petitioner,

          v.

BRUCE SCOTT, et al.,

CASE NO. C26-1878-BAT

**ORDER GRANTING PETITION
AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) release him from immigration detention; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANTS** the habeas petition as follows.

1.      Petitioner, a citizen of El Salvador, entered the United States in March 2017, was detained and issued a notice to appear as an alien present in the United States without being admitted or paroled or who arrives in the United States. *See* Dkt. __ (Return at 2).  Petitioner was released on bond. On November 1, 2025, Petitioner was arrested and charged with a misdemeanor assault, but Respondents did not lodge an immigration detainer. The charges were dismissed on May 20, 2026. On May 5, 2026 Respondents arrested and detained Petitioner.

2.      The Court rejects Respondents contention Petitioner is subject to mandatory

ORDER GRANTING PETITION AND ORDERING
RELEASE - 1

detention 8 U.S.C. § 1225 because he is an applicant for admission. Petitioner has lived in the United States for nine years and the Notice to Appear that Respondent's issued upon Petitioner's arrest in May 2026 states Petitioner is "an alien present in the United States who has not been admitted or paroled," not an "arriving alien." Accordingly, the Court finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3.      Petitioner contends he was redetained in violation of due process. Respondents present no argument in opposition. Petitioner's case involves circumstances in which the Court has regularly applied the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens additional procedural safeguards would entail. *Id.* at 334-35.

4.      As to factor one, Petitioner's liberty interest in continued freedom from detention weighs in his favor. The risk of erroneous deprivation is high. Petitioner has lived in the country for nine years, he has no criminal convictions, and there is no indication that he has engaged in conduct indicating that he is either a threat to the community or a risk of flight. The second factor weighs in Petitioner's favor. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wamsley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.      The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of

ORDER GRANTING PETITION AND ORDERING
RELEASE - 2

liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.      Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.      Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed.

3.      Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.      The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

6.      The clerk shall provide a copy of this order to all counsel.

DATED this 22nd day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge